Filed 11/14/24  P. v. Cooper CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>REGIS ANTHONY COOPER,<br><br>  Defendant and Appellant. | G062953<br><br>(Super. Ct. No. FSB701151)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of San Bernardino County, Kyle S. Brodie, Judge. Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No Appearance by Plaintiff and Respondent.

\*          \*          \*

Regis Anthony Cooper was convicted by a jury of second degree murder in 2009. The court sentenced Cooper to a term of 15 years to life.

In November 2022, Cooper petitioned the court for resentencing pursuant to former Penal Code[1] section 1170.95 (later renumbered § 1172.6). The prosecutor filed an opposition arguing that the court record "conclusively prove[d] that [Cooper] was not convicted of murder under felony murder, natural [and] probable consequences or any other theory that permits malice to be imputed to [him]."

Cooper was represented by the public defender's office in responding to the prosecutor's opposition.

In June 2023, the court denied Cooper's petition, finding that he had failed to establish a prima facie case for relief. Cooper appeals from the trial court's denial of his petition.

We appointed counsel to represent Cooper. Counsel informed us in his declaration he conducted an analysis of potential appellate issues, and that the case was also reviewed by a staff attorney at Appellate Defenders, Inc. Counsel filed a brief pursuant to the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) (and consistent with *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738). While not arguing against his client, counsel set forth the facts of the case and asked this court to conduct its own independent review of the appellate record, which we have done. Counsel also directed our attention to this possible issue: "Did the trial court err in denying the [section 1172.6] petition, finding that a prima facie case was not established, and not issuing an order to show cause?"

---

[1] All statutory references are to this code.

Counsel advised Cooper of his right to file a written argument on his own behalf; he has not done so. We nonetheless exercise our discretion to conduct an independent review of the record. (*Delgadillo, supra,* 14 Cal.5th at p. 232.)

FACTS

This summary of the facts was included in the unpublished opinion of this court which affirmed his conviction:

"Shortly after defendant moved in with the victim, Linda Odom, she disappeared; several months later her body was found. An autopsy disclosed skull fractures indicating at least two blunt object blows. A great deal of circumstantial evidence pointed to defendant as Odom's killer. He gave a variety of explanations for her whereabouts between the day she disappeared and his arrest. . . . [¶] [D]efendant's girlfriend and the mother of three of his children, was questioned by the police after she agreed to a polygraph examination. (No such examination was conducted because of [her] pregnancy.) During that interview several times she related that defendant told her on many occasions that 'he did it' and she thought he told her he had stabbed the victim. When she noticed defendant acting strangely in the victim's apartment hallway, she questioned him and defendant stated 'something in reference to stabbing her.' During the trial, [the girlfriend] testified she had lied to the police." (*People v. Cooper* (March 2, 2010, G042559) [nonpub.opn.].)

DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess., Senate Bill 1437) was enacted to limit the scope of the traditional felony murder rule. Pursuant to Senate Bill 1437, murder liability can no longer be "'imposed on a person who [was] not the actual killer, [who] did not

act with the intent to kill, or [who] was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Senate Bill 1437 also added section 1170.95 (later renumbered § 1172.6), which created a procedure through which a "person convicted of felony murder or murder under the natural and probable consequences doctrine" can petition for relief. (§ 1172.6, subd. (a), see *Lewis* at p. 959.)

Cooper filed such a petition. Pursuant to section 1172.6, he was required to make a prima facie showing in the trial court that he is entitled to the relief he seeks. (*Lewis, supra*, 11 Cal.5th at p. 960.) The Supreme Court observed in *Lewis* that "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971.)

The trial court, as required by the statute and *Lewis*, held a prima facie hearing; it then denied Cooper's petition. The court explained "there were no other parties alleged to be involved in the killing at all other than the defendant and the victim. There were no [other] felonies that were alleged. There was no vicarious liability. There were no natural and probable consequences theories presented."

After reviewing the entire record, we agree. The jury found Cooper guilty of second degree murder based on instructions which required that it find Cooper personally "had a state of mind called malice aforethought" when he acted in a way "that caused [Odom's] death." Because the jury was not instructed on the natural and probable consequences doctrine or on a theory of imputed malice, there is no basis to conclude

4

Cooper's conviction was dependent on the intent or actions of another. He is consequently ineligible for resentencing relief.

Like appointed counsel, we have found no other arguable appellate issue in this record.

DISPOSITION

The postjudgment order is affirmed.


GOETHALS, J.

WE CONCUR:


O'LEARY, P. J.


GOODING, J.